UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENNY G. HERNANDEZ, | |
| Plaintiff, | CIVIL ACTION NO. 4:22-CV-01860 |
| v. | |
| WAGONSHED, | (MEHALCHICK, M.J.) |
| Defendant. | |

## MEMORANDUM

This action brought by *pro se* Plaintiff Glenny G. Hernandez ("Hernandez"), was commenced by the filing of a complaint pursuant to 29 C.F.R. § 791.2 on November 22, 2022, against Defendant Wagonshed. (Doc. 1). The complaint alleges that an employee of Wagonshed purportedly violated the Fair Labor Standards Act ("FLSA"), which resulted in Hernandez's false arrest and wrongful conviction. (Doc. 1, at 2). Having conducted the statutorily-mandated screening of Hernandez's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that it lacks jurisdiction to hear Hernandez's claims and that Hernandez has failed to state a claim upon which relief may be granted.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On November 22, 2022, Hernandez, proceeding *pro se*, filed the instant action against Wagonshed. (Doc. 1). Concurrently with the complaint, Hernandez filed a motion for leave to proceed *in forma pauperis*.[1] (Doc. 2). In the complaint, Hernandez claims that under a proposed Federal Labor Regulation, "two or more employees would be considered joint

---

[1] The Court grants Hernandez's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 2).

employees if they 'share or codetermine those matters governing employees' essential terms and conditions of employment." (Doc. 1, at 2). Hernandez alleges "the worker of 2 different, individual non-joint employers, acted as an employee of both employers who are not joint-employers made decisions on behalf of both of those employers, while performing work as an employee for one of those employers." (Doc. 1, at 2). Thus, Hernandez claims "[t]he Labor regulation violation created entrapment, resulting in a false arrest and wrongful conviction on the plaintiff." (Doc. 1, at 2) (citing 18 Pa. C.S.A. § 313). As relief, Hernandez seeks "[r]emoval of citation # R2785693-1, plus financial restitution (Miranda Rights were not read prior to arrest)," and punitive damages "due to not being able to pass a background check for work in the field of my training and expertise and the type of benefits associated with this type of employment . . . ." (Doc. 1, at 2).

II.     **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions

which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. <u>FAILURE TO STATE A CLAIM UNDER RULE 8</u>

Hernandez's complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the complaint liberally due to Hernandez's status as a *pro se* litigant, the complaint fails to meet the pleading requirements of Rule 8. (Doc. 1). Hernandez has not expressly alleged any claim arising out of the Constitution and it is unclear what rights he alleges have been violated by Wagonshed's conduct. (Doc. 1). Liberally construing the complaint, it appears Hernandez is asserting violations of the FLSA and claims for entrapment, false arrest, wrongful conviction based on Wagonshed's violation of joint employment provisions under the FLSA. (Doc. 1, at 1-2).

    1. **FLSA Claim**

A threshold question in FLSA cases "is whether the plaintiff has alleged an actionable employer-employee relationship." *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 148 (3d

Cir. 2014). The roles of employee and employer are broadly defined in the FLSA. *Id.*; *see also In re Enterprise Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 467 (3d Cir. 2012) ("The FLSA defines employer 'expansively,' and with 'striking breadth.'" (citation omitted) (first quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); and then quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947))). To "employ" is defined as "to suffer or permit to work." 29 U.S.C. § 203(g). An "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). And an "employer" can be either a business entity or an individual—it includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

The Third Circuit has explained that in the context of the FLSA, "economic reality rather than technical concepts is to be the test of employment." *In re Enterprise*, 683 F.3d at 467 (quoting *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961)). District courts seeking to determine whether an employee-employer relationship exists are directed to begin by analyzing four (4) factors—specifically, the alleged employer's:

1. Authority to hire and fire employees;

2. Authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours;

3. Day-to-day supervision, including employee discipline; and

4. Control of employee records, including payroll, insurance, taxes, and the like

*In re Enterprise,* 683 F.3d at 469.

The Court will refer to these as the "*Enterprise* control factors."

Under the FLSA, an individual may be considered an employee of multiple employers at the same time. *In re Enterprise Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 467

(3d Cir. 2012). In order to establish joint employer liability against a party, the plaintiff must demonstrate that the defendants exercised significant control under the *Enterprise* control test. While the *Enterprise* control factors are not meant to be exhaustive and should not be "blindly applied," *In re Enterprise Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012), they provide a useful starting place for the Court's analysis.

Here, the complaint fails to identify any parties apart from Wagonshed and fails to discuss the underlying events relevant to this action. (Doc. 1). There are no specific factual allegations to indicate whether or how the alleged actions of Wagonshed's unknown employee(s) should be attributed to Wagonshed. In fact, there are no specific factual allegations whatsoever to indicate that anyone at Wagonshed exercised any control over Hernandez at any time. Hernandez does not indicate that he worked for Wagonshed or, if he did, whether Wagonshed provided supervision or otherwise dictated Hernandez's conditions of employment. Without more, the Court cannot determine liability.

Accordingly, the Court dismisses without prejudice Hernandez's FSLA claim against Wagonshed under a theory of joint employment.

### 2. Entrapment Claim

Hernandez appears to allege that Wagonshed is liable for entrapment pursuant to 18 Pa. C.S.A. § 313. (Doc. 1, at 1-2). Entrapment is a criminal defense defined by statute and cannot form the basis for relief in a civil proceeding. *See* 18 Pa.C.S.A. § 313. Moreover, Pennsylvania entrapment is not substantially equivalent to federal due process law. *Compare* 18 Pa.C.S.A. § 313(a) (entrapment defense where law enforcement official "induces or encourages" a person to engage in criminal conduct by creating a substantial risk the offense "will be committed by persons other than those who are ready to commit it") *with Estelle v.*

*McGuire,* 502 U.S. 62, 73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (trial court error violates due process only where the error "so infected the entire trial that the resulting conviction violates due process").

Accordingly, the Court dismisses with prejudice Hernandez's "entrapment" claim.

### 3. False Arrest Claim

The complaint fails to state a false arrest claim upon which relief can be granted because Hernandez does not plead sufficient facts to show lacked probable cause for his arrest. A plaintiff may bring a civil rights action under 42 U.S.C. § 1983 against any person who allegedly deprived the plaintiff of his federal constitutional rights while acting pursuant to state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Fourth Amendment states, in pertinent part, that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. Amend. IV.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995). An "officer may draw inferences based on his own experience in deciding whether probable cause exists." *Ornelas v. United*

*States*, 517 U.S. 690, 700 (1996). Moreover, "'it is well settled that an arrest may be made upon hearsay evidence; and indeed, the 'reasonable cause' necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial.' " *Draper v. United States*, 358 U.S. 307, 332 n.4 (1959) (quoting *United States v. Heitner*, 149 F.2d 105, 106 (2d Cir. 1945)); *United States v. Guller*, 101 F. Supp. 176, 179 (E.D. Pa. 1951).

Here, Hernandez does not allege any facts describing the underlying arrest nor does he contend the alleged arrest lacked probable case. (Doc. 1, at 2). As such, Hernandez fails to allege any facts which would indicate there was a lack of probable cause for his arrest. Hernandez must allege with sufficient particularity that the rights afforded to him under the Constitution have been violated and blanket assertions are not enough to assert a Constitutional claim. *See Binsack*, 438 F. App'x at 160. Thus, in its current form, the complaint would not provide any meaningful opportunity for Wagonshed to decipher or answer the vague allegations levied against it. *See Twombly*, 550 U.S. at 555. As such, Hernandez's complaint fails to state a claim upon which relief may be granted.

Accordingly, the Court dismisses without prejudice Hernandez's false arrest claim for failure to state a claim pursuant to § 1983.

### 4. Wrongful Conviction Claim

Finally, to the extent that Hernandez seeks damages based on an alleged wrongful conviction, his claims are barred by the principle announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 1, at 2). In *Heck*, the Supreme Court held that, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87 (footnote and citation omitted). More recently, the Supreme Court has elaborated on that principle, explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted).

Accordingly, the Court dismisses with prejudice Hernandez's wrongful conviction claim as it is *Heck*-barred.

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Hernandez leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Hernandez may only amend his complaint in an effort to assert a violation of the FSLA and false arrest claim against Wagonshed.

Hernandez is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must consist of concise and

direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Hernandez is advised to follow each claim with a corresponding good-faith request for relief. Further, Hernandez is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

IV.   **CONCLUSION**

As it stands, Hernandez's complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Hernandez leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before **Thursday, June 8, 2023**.

An appropriate Order follows.

**Dated: May 10, 2023**                                         *s/ Karoline Mehalchick*
                                                                **KAROLINE MEHALCHICK**
                                                                **Chief United States Magistrate Judge**