UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENNY G. HERNANDEZ,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-1860 |
| v. | : | (JUDGE MANNION) |
| **THE WAGONSHED,** | : | |
| Defendant | : | |

### O R D E R

Pending before the court is the report of United States Magistrate Judge Daryl F. Bloom which recommends that the instant action be dismissed with prejudice. (Doc. 11). No objections have been filed to Judge Bloom's report. Upon review, the report and recommendation will be adopted in its entirety as the opinion of the court.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)).

Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff brought the instant action setting forth claims under the Fair Labor Standards Act ("FLSA"), as well as claims of entrapment, false arrest and wrongful conviction. (Doc. 1). His original complaint was dismissed and the plaintiff submitted filings which are liberally construed to be an amendment. (Doc. 8, Doc. 9). Judge Bloom summarizes the allegations of the complaint as follows:

> In these responsive filings, Hernandez continues to assert the same vague factual underpinnings as his initial complaint, albeit with a few more allegations that shed some light on the underlying events. It appears that Hernandez was a patron of two bars in Columbia County, Pennsylvania—The Paddock and The Wagonshed. (Doc. 9 at 1). He claims that he did not fully satisfy his bill at The Paddock one night, and because of that, the bartender at The Wagonshed refused to serve him. (Id.). This resulted in a verbal altercation that ended with his arrest by local police. (Id.). Although it is unclear from the pleadings when these events occurred, a search of the public docket reveals that Hernandez received a non-traffic citation on April 13, 2021, for Disorderly Conduct (Engaging in Fighting), to which he pleaded guilty on May 27, 2021. See Commonwealth v. Glenny G. Hernandez, MJ-26201-NT-0000131-2021.
> It is this incident that forms the gravamen of Hernandez's alleged claims. He asserts that the conduct of the bartender at The Wagonshed, refusing him service and calling the police, violated the FLSA and constituted entrapment. (Doc. 9 at 1).

> Regarding his false arrest and wrongful conviction claims, he appears to assert that he was pulled over by an unnamed officer, not listed as a defendant, and given a blood test that resulted in his arrest and a violation of his Fourth Amendment rights. (Doc. 8 at 3).

(Doc. 11, pp. 2-3) (footnotes omitted)

In considering the plaintiff's claims, Judge Bloom determined that the plaintiff's FLSA claim against the Wagonshed fails because the plaintiff was not an employee of the Wagonshed. Moreover, Judge Bloom pointed out that the plaintiff cannot bring a civil claim for entrapment. To the extent that the plaintiff attempts to bring claims of wrongful arrest and malicious prosecution, Judge Bloom noted that he has not sued the appropriate parties, and moreover, he has not alleged sufficient facts to support these claims. Because the deficiencies of the plaintiff's complaint cannot be cured through amendment, Judge Bloom recommends that the plaintiff's complaint be dismissed with prejudice.[1]

The plaintiff has failed to file objections to Judge Bloom's report. The court has reviewed the record and Judge Bloom's report and finds no clear error. Moreover, the court agrees with the sound reasoning which led Judge

---

[1] The court notes as well that the plaintiff has already been given an opportunity to amend his complaint and has still failed to properly state a claim.

- 3 -

Bloom to his conclusions. Therefore, the court will adopt the report and recommendation in its entirety as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Bloom **(Doc. 11)** is **ADOPTED IN ITS ENTIRETY AS THE OPINION OF THE COURT**.

**(2)** The instant action is **DISMISSED WITH PREJUDICE**.

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
22-1860-01